IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| STAY FROSTY ENTERPRISES, LLC, | Case No. 3:18-cv-00283-SB |
| Plaintiff, | **FINDINGS AND RECOMMENDATION** |
| v. | |
| AMAZON.COM, INC., et al., | |
| Defendants. | |

**BECKERMAN, U.S. Magistrate Judge.**

This matter comes before the Court on Teespring, Inc.'s ("Teespring") motion to: (1) sever Stay Frosty Enterprises, LLC's ("Stay Frosty") claims against Teespring, pursuant to FED. R. CIV. P. 21; and (2) dismiss or transfer the severed claims against Teespring to the Northern District of California, pursuant to 28 U.S.C. §§ 1404 and 1406.[1] The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338. For the reasons discussed below, the Court recommends that the district judge grant Teespring's motions to sever and transfer. (ECF No. 94.)

---

[1] Stay Frosty's complaint originally named thirteen defendants, but only defendants Teespring and Milcoins.com LLC (currently in default) remain.

PAGE 1 – FINDINGS AND RECOMMENDATION

BACKGROUND

Stay Frosty is an Oregon limited liability company that designs "original works of art put onto apparel, specialty 'challenge' coins, posters, and other items that are primarily marketed via the internet to individuals in the military, law enforcement, public safety communities, enthusiasts, collectors and others." (Compl. ¶ 1.) Derek Frost ("Frost"), a resident of California and co-owner of Stay Frosty, created and registered the "works of visual art" at issue in this case. (Compl. ¶ 18, Ex. B, at 1, Ex. C, at 3.) Frost "assigned his rights, titles, and interest in all of the works of art" to Stay Frosty on January 16, 2018. (Compl. ¶ 20, Ex. C, at 3.)

Teespring is a Delaware corporation headquartered in San Francisco, California. (Weibell Decl. Supp. Def.'s Mot. Sever & Dismiss or Transfer ("Weibell Decl.") ¶ 3.) Teespring operates a website that allows users to submit designs that can be applied to apparel and sold on Teespring's website. (Compl. ¶¶ 3, 66-89.) Teespring and its users profit from the sales. (Compl. ¶ 67.) Stay Frosty identified several t-shirts for sale on Teespring's website that bear designs that are "strikingly similar" to the designs that Frost copyrighted. (*See* Compl. ¶¶ 68-86.) Stay Frosty filed this copyright case against Teespring on February 14, 2018.

ANALYSIS

I. WAIVER

Stay Frosty asserts that Teespring waived its venue challenge by filing a responsive pleading. (*See* Pl.'s Resp. Def.'s Mot. Sever & Dismiss or Transfer ("Pl.'s Resp.") at 2, 4.) The Court disagrees.

"A defendant must object to venue by motion or in his answer to the complaint or else his objection is waived." Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) (citations omitted). Teespring filed an answer on April 17, 2018, and included improper venue as an affirmative defense. (*See* Def.'s Answer ¶¶ 7, 65.) Although the case has now progressed to discovery, the

PAGE 2 – FINDINGS AND RECOMMENDATION

Court finds that Stay Frosty did not waive its improper venue defense because it pled improper venue as an affirmative defense. *See Meras Eng'g, Inc. v. CH2O, Inc.*, No. 11-0389, 2013 WL 146341, at \*9 (N.D. Cal. Jan. 14, 2013) (noting that the defendant participated in mediation, agreed to a discovery schedule, and provided initial disclosures, but nevertheless concluding that the defendant did not waive an improper venue defense because the defendant asserted an improper venue defense in its answer and continued to raise the issue of venue during the course of the litigation).

## II.     TEESPRING'S MOTION TO SEVER

Teespring moves to sever Stay Frosty's claims against Teespring from Stay Frosty's claims against Milcoins.com, LLC, pursuant to FED. R. CIV. P. 21. (Def.'s Mot. Sever & Dismiss or Transfer ("Def.'s Mot.") at 2, 5-6.) Stay Frosty acknowledges that its claims against Teespring were improperly joined, and does not oppose severance. (Pl.'s Resp. at 1, 5.) However, if the Court severs the claims, Stay Frosty asks to maintain the current case schedule to avoid having to refile its complaint and start "back at square one." (Pl.'s Resp. at 1, 6.) Teespring responds that the Court should order Stay Frosty "to file a new complaint specific to Teespring in the new severed civil action because the current complaint is laden with non-specific allegations made against all thirteen defendants jointly." (Def.'s Reply at 3; *see also* Def.'s Mot. at 3.)

The Court finds that Stay Frosty improperly joined multiple unrelated defendants in the same copyright action, and recommends that the district judge grant Teespring's motion to sever. Consistent with the Court's recommendation below, the district judge should transfer Stay Frosty's severed case against Teespring to the Northern District of California, which will preserve the forward progress of the case to date. Stay Frosty and Teespring may resolve the issue of filing an amended complaint in the transferee court. Stay Frosty's remaining (defaulted) claims against Milcoins.com LLC shall proceed under the current case number in this court.

PAGE 3 – FINDINGS AND RECOMMENDATION

### III. VENUE

Teespring moves to dismiss or transfer the severed claims to the Northern District of California pursuant to 28 U.S.C. § 1406(a), based on improper venue. In the alternative, Teespring requests transfer for convenience under 28 U.S.C. § 1404(a). (Def.'s Mot. at 2-3, 6, 10.) The Court agrees that the district judge should transfer Stay Frosty's claims against Teespring to the Northern District of California.

#### A. Section 1406(a)

Section 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong . . . district shall dismiss, or if it be in the interest of justice, transfer such case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a). "Venue for claims asserted under the Copyright Act, such as [Stay Frosty's] claim for copyright infringement [against Teespring], are governed by a specific venue statute, 28 U.S.C. § 1400(a)." *Leroy-Garcia v. Brave Arts Licensing*, No. 13-1181, 2013 WL 4013869, at *6 (N.D. Cal. Aug. 5, 2013).

Section 1400(a) provides that copyright actions "may be instituted in the district in which the defendant or his agent resides or may be found." 28 U.S.C. § 1400(a). "'The Ninth Circuit interprets [28 U.S.C. § 1400(a)] to allow venue in any judicial district in which the defendant would be amenable to personal jurisdiction if the district were a separate state.'" *Adobe Sys. Inc. v. Blue Source Grp., Inc.*, 125 F. Supp. 3d 945, 959 (N.D. Cal. 2015) (quoting *Brayton Purcell LLP v. Recordon & Recordon*, 606 F.3d 1124, 1128 (9th Cir. 2010), *abrogated on other grounds as recognized by Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1069-70 (9th Cir. 2017)). Thus, "'[t]he court uses basically the same procedure to decide a motion to dismiss for improper venue as it does for deciding a motion to dismiss for lack of personal jurisdiction.'" *Id.* (citation omitted).

PAGE 4 – FINDINGS AND RECOMMENDATION

Federal district courts "ordinarily follow state law in determining the bounds of their jurisdiction over [a defendant]." *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 125 (2014)). "Oregon law authorizes personal jurisdiction over defendants to the full extent permitted by the United States Constitution." *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015) (citation omitted). The Court must therefore inquire whether its exercise of jurisdiction over Teespring would "comport[] with the limits imposed by federal due process." *See id.* ("[The court] therefore inquire[s] whether the District of Oregon's exercise of jurisdiction over [defendant] 'comports with the limits imposed by federal due process.'").

"Due process requires that the defendant 'have certain minimum contacts' with the forum state 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Picot*, 780 F.3d at 1211 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "The strength of contacts required depends on which of the two categories of personal jurisdiction a litigant invokes: specific jurisdiction or general jurisdiction." *Ranza*, 793 F.3d at 1068.

In this case, Stay Frosty's complaint alleges, in a conclusory fashion, that Teespring and the other twelve originally-named defendants "have systematic and continuous contacts with the State of Oregon." (Compl. ¶ 16.) Although Stay Frosty's complaint appears to invoke general jurisdiction, *see Ranza*, 793 F.3d at 1068 (explaining that "'[g]eneral jurisdiction requires affiliations so continuous and systematic as to render the foreign corporation essentially at home in the forum State, *i.e.*, comparable to a domestic enterprise in that State'") (citation omitted), Stay Frosty's opposition to Teespring's motion makes clear that it is invoking only specific jurisdiction. Stay Frosty relies on *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F. Supp. 1119,

PAGE 5 – FINDINGS AND RECOMMENDATION

1124 (W.D. Pa. 1997), which developed a "sliding scale" test to assess the nature and quality of commercial activity that an entity conducts over the Internet. (Pl.'s Resp. at 2-3.) "The Ninth Circuit has . . . specifically concluded that the *Zippo* test, while followed in this circuit, is a test of specific, not general, jurisdiction." *Bralich v. Sullivan*, No. 17-00547, 2018 WL 1938297, at *5 (D. Haw. Apr. 23, 2018) (citing *Mavrik Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218, 1226-27 (9th Cir. 2011)). Accordingly, the Court focuses only on whether Teespring has sufficient minimum contacts to be subject to specific jurisdiction. *See id.* at *5 (explaining that the court would only consider the *Zippo* test with respect to specific personal jurisdiction, because the *Zippo* test is not a general jurisdiction test).

The Ninth Circuit employs the following three-prong test to determine if a defendant has sufficient minimum contacts to be subject to specific personal jurisdiction:

> '(1)  [t]he non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2)  the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3)  the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.'

*Picot*, 780 F.3d at 1211 (quoting *Schwarzenegger*, 374 F.3d at 802). "'The plaintiff bears the burden of satisfying the first two prongs of the [specific jurisdiction] test. If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state.'" *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017) (quoting *Schwarzenegger*, 374 F.3d at 802); *see also Adidas Am., Inc. v. Cougar Sport, Inc.*, 169 F. Supp. 3d 1079, 1084-85 (D. Or. 2016) (explaining that the plaintiff bears the burden of demonstrating proper venue).

1124 (W.D. Pa. 1997), which developed a "sliding scale" test to assess the nature and quality of commercial activity that an entity conducts over the Internet. (Pl.'s Resp. at 2-3.) "The Ninth Circuit has . . . specifically concluded that the *Zippo* test, while followed in this circuit, is a test of specific, not general, jurisdiction." *Bralich v. Sullivan*, No. 17-00547, 2018 WL 1938297, at *5 (D. Haw. Apr. 23, 2018) (citing *Mavrik Photo, Inc. v. Brand Technologies, Inc.*, 647 F.3d 1218, 1226-27 (9th Cir. 2011)). Accordingly, the Court focuses only on whether Teespring has sufficient minimum contacts to be subject to specific jurisdiction. *See id.* at *5 (explaining that the court would only consider the *Zippo* test with respect to specific personal jurisdiction, because the *Zippo* test is not a general jurisdiction test).

The Ninth Circuit employs the following three-prong test to determine if a defendant has sufficient minimum contacts to be subject to specific personal jurisdiction:

> '(1)  [t]he non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
>
> (2)  the claim must be one which arises out of or relates to the defendant's forum-related activities; and
>
> (3)  the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.'

*Picot*, 780 F.3d at 1211 (quoting *Schwarzenegger*, 374 F.3d at 802). "'The plaintiff bears the burden of satisfying the first two prongs of the [specific jurisdiction] test. If the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state.'" *Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1142 (9th Cir. 2017) (quoting *Schwarzenegger*, 374 F.3d at 802); *see also Adidas Am., Inc. v. Cougar Sport, Inc.*, 169 F. Supp. 3d 1079, 1084-85 (D. Or. 2016) (explaining that the plaintiff bears the burden of demonstrating proper venue).

### 1. Prong One

Under the first prong, Stay Frosty must show that Teespring purposefully directed its activities toward Oregon or purposefully availed itself of the privilege to conduct activities in Oregon. "A purposeful availment analysis is most often used in suits sounding in contract." *Schwarzenegger*, 374 F.3d at 802. "A purposeful direction analysis, on the other hand, is most often used in suits sounding in tort." *Id.* Purposeful direction is the proper analytical framework here, because Stay Frosty alleges copyright infringement. *See Mavrix*, 647 F.3d at 1228 ("Because Mavrix has alleged copyright infringement, a tort-like cause of action, purposeful direction 'is the proper analytical framework.'") (citation omitted); *see also Bralich*, 2018 WL 1938297, at *7 (explaining that the *Zippo* test is "evaluated as part of the first prong" of the specific jurisdiction test (citing *Cybersell, Inc. v. Cybersell, Inc.*, 130 F.3d 414, 418-20 (9th Cir. 1997)).

The purposeful direction "test, often referred to as the 'effects' test, derives from *Calder v. Jones*, 465 U.S. 783 (1984)." *Axiom*, 874 F.3d at 1069. Under this test, the "defendant must have '(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state.'" *Id.* (quoting *Mavrix*, 647 F.3d at 1228).

Although Stay Frosty meets the first prong of the purposeful direction test because Teespring committed an intentional act by allegedly selling infringing apparel on its website (*see Mavrix*, 647 F.3d at 1229 (posting copyrighted photos on a website was an intentional act)), Stay Frosty has failed to meet its burden of showing that Teespring's conduct was expressly aimed at the forum state of Oregon. *See generally Walden v. Fiore*, 571 U.S. 277, 284 (2014) ("For a State to exercise jurisdiction consistent with due process, the defendant's suit-related conduct must create a substantial connection with the forum State.").

PAGE 7 – FINDINGS AND RECOMMENDATION

This case concerns a nationally accessible website. (*See* Compl. ¶ 16, alleging that Teespring's "online store[] [is] directed at customers nationwide, including Oregon"). The Ninth Circuit has "struggled with the question whether tortious conduct on a nationally accessible website is expressly aimed at any, or all, of the forums in which the website can be viewed." *Mavrix*, 647 F.3d at 1229. The Ninth Circuit has "made clear that 'maintenance of a passive website alone cannot satisfy the express aiming prong.'" *Id.* (citing *Brayton Purcell*, 606 F.3d at 1129). However, the Ninth Circuit has also "held that operating even a passive website in conjunction with 'something more'—conduct directly targeting the forum—is sufficient." *Id.* (quoting *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019-21 (9th Cir. 2002)). In assessing "whether a nonresident defendant has done 'something more,' [the Ninth Circuit has] considered several factors, including the interactivity of the website, . . . the geographic scope of defendant's commercial ambitions, . . . and whether the defendant individually targeted a plaintiff known to be a forum resident." *Id.* (citations omitted). The Ninth Circuit recently explained that "while a theory of individualized targeting may remain relevant to the minimum contacts inquiry, it will not, on its own, support the exercise of specific jurisdiction, absent compliance with what *Walden* requires." *Axiom*, 874 F.3d at 1070. *Walden* requires a plaintiff to show that the defendant's "suit-related conduct" created a "substantial connection" with the forum state. *Id.* (citation omitted).

Stay Frosty argues that it has met its burden of showing that Teespring purposefully directed its activities toward Oregon. Stay Frosty presents several unpersuasive arguments in support of its position.

First, Stay Frosty emphasizes that the "copyrighted images infringed upon by Teespring originated from [Stay Frosty's] online store . . . , which is operated out of the State of Oregon."

PAGE 8 – FINDINGS AND RECOMMENDATION

(Pl.'s Resp. at 3, citing Compl. ¶ 26.) Stay Frosty's complaint does not allege that it operates its online store in Oregon, nor does it allege that Teespring (as opposed to a third-party "user") accessed images on Stay Frosty's online store. (*See* Compl. ¶¶ 1, 22-23, 26, 214; *see also* Compl. ¶ 67, alleging that third-party "user[s]" often provide Teespring with designs for apparel).

Second, Stay Frosty asserts that "Teespring does, in fact, advertise, sell, and ship products in Oregon—a fact alleged in paragraph 16 of Stay Frosty's complaint." (Pl.'s Resp. at 3.) Paragraph sixteen of Stay Frosty's complaint alleges that "Defendants" (i.e., Teespring and the other twelve originally-named defendants) "advertise and sell clothing and coins from their on-line stores directed at customers nationwide, including Oregon," Defendants "solicit[] and/or conduct[] business transactions in Oregon," and Stay Frosty "has suffered damages in the State of Oregon from the Defendants' acts." (Compl. ¶ 16.) Absent from Stay Frosty's complaint, however, is any specific allegation that Teespring sold *infringing* products in Oregon or to Oregon entities or residents, or any specific allegation regarding the percentage of Teespring's sales in Oregon or whether Teespring entered into contracts with, or received infringing images from, Oregon entities or residents. (*See* Compl. ¶ 66, "On its website, Teespring offers for sale and, upon information and belief, has made sales of sweatshirts and T-shirts bearing federally registered works of visual art that are owned by [Stay Frosty] across the entire United States[.]").[2]

---

[2] In its response brief, Stay Frosty argues that Teespring advertises and sells infringing products in Oregon, that Teespring "enters into contracts with uploaders and purchasers in Oregon," and that Teespring "transmits computer files over the Internet with residents of the Oregon district who upload content to Teespring for sale on its website." (Pl.'s Resp. at 3-4; *cf*. Def.'s Reply at 7, asserting that none of "the 39 accused t-shirts printed by Teespring were sold to a buyer in Oregon"). These allegations are not included in Stay Frosty's complaint, and Stay Frosty has failed to submit an affidavit or declaration from an individual who is competent to testify about these matters. *See generally* Schwarzenegger, 374 F.3d at 800 (explaining that, to make a prima facie showing of personal jurisdiction, a "plaintiff cannot 'simply rest on the bare

District courts have found that a defendant's acts are not expressly aimed at the forum state where, as here, the plaintiff fails to present any allegation or evidence demonstrating that the defendant sold infringing products in the forum state. *See Premier Fabrics, Inc. v. Walters & Mason Retail, Inc.*, No. 18-2126, 2018 WL 6164766, at *5 (C.D. Cal. Aug. 1, 2018) (holding that the plaintiff failed to establish that the defendant expressly aimed its conduct at California and emphasizing that, although the defendant offered goods for sale on its website, there were no allegations or evidence showing that the defendant ever "shipped any of the allegedly infringing goods to any person or entity in California"); *Adobe Sys Inc. v. Cardinal Camera & Video Ctr., Inc.*, No. 15-2991, 2015 WL 5834135, at *5 (N.D. Cal. Oct. 7, 2015) (holding that the plaintiff failed to establish that the defendant expressly aimed its conduct at California, stating that the plaintiff offered little information about the defendant's website "beyond its bald assertion that the website is 'interactive' and its allegation that the website features infringing . . . products for sale," and noting that district courts in Oregon and California have found no personal jurisdiction over a defendant with 10% or less of its sales directed at the forum state); *Star Fabrics, Inc. v. Neiman Marcus Grp., LLC*, No. 14-7170, 2014 WL 12591288, at *4 (C.D. Cal. Dec. 5, 2014) (holding that the plaintiff failed to establish that the defendant's acts were expressly aimed at California because none of the garments that the defendant sold that allegedly infringed the plaintiff's copyright were shipped by the defendant to any person or entity in California).

Consistent with these authorities, the Court concludes that Stay Frosty has failed to establish that Teespring expressly aimed its allegedly infringing conduct at Oregon. Thus, the

---

allegations of its complaint'") (citation omitted); *IPSL, LLC v. Coll. of Mount Saint Vincent*, No. 18-1885-HZ, --- F. Supp. 3d ---, 2019 WL 2216425, at *4 (D. Or. May 21, 2019) (explaining that "'[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated'") (citation omitted).

PAGE 10 – FINDINGS AND RECOMMENDATION

Court agrees that venue is improper under 28 U.S.C. § 1400(a). *See* Order on Mots. Sever & Dismiss or Transfer, *Blackman v. Teespring, Inc.*, No. 18-8357, slip op. at 4-5 (C.D. Cal. May 19, 2019) (holding that venue was improper under 28 U.S.C. § 1400(a), noting that the plaintiffs failed to present any evidence demonstrating that Teespring sold infringing products in the district, and transferring venue to the Northern District of California); *PokitDok, Inc. v. Martin*, No. 12-3947, 2012 WL 5425615, at *4 (N.D. Cal. Nov. 6, 2012) (holding that the court lacked personal jurisdiction over the defendant in a copyright case and therefore agreeing that venue was improper under 28 U.S.C. § 1400(a)). Accordingly, and to avoid Stay Frosty having to start over in the Northern District of California, the Court recommends that the district judge deny Teespring's motion to dismiss and grant Teespring's motion to transfer under 28 U.S.C. § 1406(a). *See id.* at *4 (taking the same approach for the same reason).

### 2. Prong Two

"The second requirement for the Court to exercise specific personal jurisdiction 'is that the claim asserted in the litigation arises out of the defendant's forum related activities.'" *Cougar Sport*, 169 F. Supp. 3d at 1092 (quoting *Panavision Int'l v. Toeppen*, 141 F.3d 1316, 1322 (9th Cir. 1998)). "The Ninth Circuit applies a 'but for' test under which the Court must determine whether the plaintiff would not have suffered injury 'but for' the defendant's forum-related conduct." *Id.*

Stay Frosty has failed to meet its burden of demonstrating that it would not have suffered injury but for Teespring's forum-related conduct. Although Stay Frosty's injury stems from Teespring's alleged sale of infringing apparel, Stay Frosty does not allege or submit competent evidence demonstrating that Teespring sold any infringing apparel in Oregon, that Teespring sold any infringing apparel to an Oregon resident or entity, that Teespring accessed images via Stay Frosty's online store, or that Teespring collaborated with an Oregon resident to sell

PAGE 11 – FINDINGS AND RECOMMENDATION

infringing apparel. Under these circumstances, the Court cannot conclude that Stay Frosty's injuries arise out of Teespring's forum-related conduct. Accordingly, the Court recommends that the district judge grant Teespring's motion to transfer on this ground as well. *See* Order on Mots. Sever & Dismiss or Transfer, *Blackman v. Teespring, Inc.*, No. 18-8357, slip op. at 4-5 (C.D. Cal. May 19, 2019) (holding that the plaintiffs failed to meet their burden of showing that Teespring's contacts with the district gave rise or related to their copyright claims and noting there was no evidence that Teespring sold any infringing products in the district); *cf. Cougar Sport*, 169 F. Supp. 3d at 1093 ("[T]here is evidence in the record that Cougar Sport sold its allegedly infringing merchandise to customers located in Oregon. Thus, Adidas's claims arise out of Cougar Sport's forum-related contacts.").

    **B.**    **Section 1404(a)**

In light of its recommendation, the Court does not address Teespring's alternative request for a convenience transfer under 28 U.S.C. § 1404(a). *See Johnson-Ester v. Schwarzenegger*, No. 09-5384, 2010 WL 1257787, at *5 n.4 (N.D. Ill. Mar. 25, 2010) ("Because the Court determines that transfer to the Eastern District of California is appropriate under § 1406(a), the Court need not address any alternative arguments for transfer under 28 U.S.C. § 1404(a).").

## CONCLUSION

For the foregoing reasons, the Court recommends that the district judge GRANT Teespring's motions to sever and to transfer and DENY Teespring's motion to dismiss (ECF No. 94), sever Stay Frosty's claims against Teespring, and transfer the severed claims to the U.S. District Court for the Northern District of California.

## SCHEDULING ORDER

The Court will refer its Findings and Recommendation to a district judge. Objections, if any, are due within fourteen (14) days. If no objections are filed, the Findings and

PAGE 12 – FINDINGS AND RECOMMENDATION

Recommendation will go under advisement on that date. If objections are filed, a response is due within fourteen (14) days. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 6th day of June, 2019.

*Stacie F. Beckerman*
_____
STACIE F. BECKERMAN
United States Magistrate Judge