UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STAY FROSTY ENTERPRISES LLC,<br>　　　　　Plaintiff,<br>　v.<br>TEESPRING, INC.,<br>　　　　　Defendant. | Case No. 19-cv-04607-RS<br><br>**ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Plaintiff Stay Frosty Enterprises, LLC ("Frosty") owns a copyright portfolio including military-themed artwork and images; defendant Teespring, Inc. ("Teespring") operates a website allowing individuals to create custom t-shirts and apparel. Since 2018, Frosty has asserted its right to "actual damages" resulting from Teespring's alleged infringement of its portfolio. *See* Complaint, Dkt. 1 at 87. Yet Frosty has not produced, despite Teespring's repeated prompting, *any* evidence of having incurred those damages. With fact discovery now closed, Teespring accordingly moves for partial summary judgment establishing Frosty cannot recover actual damages that, apparently, do not exist. Considering the record as a whole, such judgment is plainly warranted.

Over the course of fact discovery, Teespring asked Frosty for facts supporting its damages claim, including "the total annual revenue and . . . profits that [Frosty] earned from the asserted copyrights" in recent years, and "documents concerning any damages or harm, including without limitation money damage, [Frosty] claims to have suffered" on Teespring's account. Interrogatories, Dkt. 153-2 at 6; Request for Production, Dkt. 153-3 at 7. Going off Frosty's

representation that it needed more time to answer these requests, Teespring twice agreed to extend Frosty's response deadline. When it became clear, after these extensions, that no responses were forthcoming, Teespring brought a motion to compel. The motion was denied on the purely procedural ground of untimeliness. *See generally* Discovery Order, Dkt. 150 (declining to compel Frosty's response pursuant to Civil Local Rule 37-3's prohibition of "motions to compel fact discovery . . . more than 7 days after the fact discovery cut-off"). With an eye toward summary judgment, Teespring declined to appeal: in its view, the facts (or lack thereof) were sufficiently favorable as Frosty had left them.

Bewilderingly, Frosty—in opposing this motion—has not made the damages issue one iota less favorable to Teespring. Across both briefing and oral argument, Frosty has not, for instance, identified any fact indicating actual damages; alluded to an evidentiary universe that might contain that sort of fact; or made so much as a single, conclusory assertion that it *has suffered* actual damages. Instead, Frosty invokes Rule 56(d), which authorizes deferred consideration of a motion for summary judgment if "[the] nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition[.]" Fed. R. Civ. P. 56(d).

To "delay summary judgment" under Rule 56(d), a party "must state what other *specific* evidence it hopes to discover and the relevance of that evidence to its claims." *Stevens v. Corelogic, Inc.,* 899 F.3d 666, 678 (9th Cir. 2018) (emphasis in original) (internal quotation marks, bracketing, and citation omitted). Frosty ignores this standard entirely. Rather than hinting at, let alone specifying, "facts essential to . . . its opposition" that might be gleaned from renewed discovery, Frosty trots out a general proposition: that because "the case is still in the early stages," and "[v]ery few trials are being conducted in . . . this district" at the moment, "no prejudice" will flow "to Teespring . . . should . . . deferral of consideration of the motion be allowed." *See generally* Opp'n Brief, Dkt. 154 at 4-5 (advancing this position while omitting mention of a single sought-after fact).

Whatever its merit, this argument misses (or, more likely, hopes to misdirect from) the point. Because Frosty's Rule 56(d) request is unaccompanied by anything remotely resembling a

Rule 56(d) showing, the request is denied. The record thus remains as Teespring presents it—utterly and indisputably bereft of evidence, prospective or otherwise, going to actual damages. Against this backdrop, Teespring's motion for partial summary judgment that Frosty is not entitled to any such damages must be, and is, granted.[1] *Corelogic,* 899 F.3d at 678 (emphasis in original) (internal quotation marks and citation omitted).

**IT IS SO ORDERED**.

Dated: February 17, 2021

_____
RICHARD SEEBORG
Chief United States District Judge

---

[1] Beyond stressing the record's absence of damages evidence generally, Teespring contends Frosty is obliged, as a matter of law, to produce particular types of damages evidence—namely, percipient and expert witness testimony. *See generally* Motion, Dkt. 153 at 10-14. Given the more fundamental defect in Frosty's case, there is no need to reach this additional argument.